**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TIMOTHY LEWIS, Inmate #04269-089,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO.  03-624-GPM** |
| ) | |
| **DARLENE VELTRI,** ) | |
| ) | |
| **Respondent.** ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 seeking relief from the 1995 sentence imposed in the United States District Court for the Eastern District of Wisconsin.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person in federal custody may challenge his conviction *only* by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255. In certain cases, a prisoner may use the general habeas statute, 28 U.S.C. § 2241, to obtain relief, but this method is

Page 1 of  5

generally limited to challenges to the execution of the sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991).  Section 2241 may not be used as a substitute for Section 2255 where a Petitioner has already sought but been denied relief under Section 2255, or where Petitioner no longer has an opportunity to seek relief under Section 2255 because of the Section's one-year period of limitation.  *See, e.g., Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999).  Petitioner states that in 1998 he filed a Section 2255 petition in the Eastern District of Wisconsin that was denied (case no. 98-C-879, filed September 4, 1998) and that he was denied certificates of appealability by both the Eastern District of Wisconsin and by the Seventh Circuit Court of Appeals.  Thus, under the rules governing Section 2255, Petitioner is barred from bringing another petition thereunder without certification by a panel of the Court of Appeals for the Seventh Circuit.  *See* 28 U.S.C. § 2244, 2255.  Petitioner also is barred from bringing another Section 2255 action by the one-year period of limitation which requires filing of the petition within one year of the date on which the judgment of conviction became final.  Petitioner was sentenced in 1995 and his conviction and sentence were affirmed on direct appeal in 1996.  *See United States v. Lewis*, 100 F.3d 49 (7th Cir. 1996).

A petition challenging the conviction *may* be brought pursuant to 28 U.S.C. § 2241 where the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.  Petitioner contends he is entitled to seek relief under Section 2241 because the Section 2255 motion is inadequate or ineffective to test the legality of his detention.  However, the fact that Petitioner may be barred from bringing a Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion).

Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. United States*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001);[1] *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that Section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49-50 (1st Cir. 1999); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that Section 2255's substantive and procedural barriers by themselves do not establish that Section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit Court of Appeals considered the meaning of "inadequacy" for purposes of § 2255. The Court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport*, 147 F.3d at 611 (emphasis added).

> Every court that has addressed the matter has held that § 2255 is "inadequate or ineffective" only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence. *See, e.g., Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 902-03 (5th Cir. 2001);

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by the Supreme Court is retroactively applicable to cases on collateral review, which will begin the one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by the Supreme Court. *Ashley*, 266 F.3d at 674.

*United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

*Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002).

When, then, may a petitioner successfully argue that he is "actually innocent" under *Davenport*? The Seventh Circuit recently clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Other than nominally stating that he is "actually innocent" of the offense for which he was convicted, Petitioner does not suggest that the charged conduct is no longer a crime. Petitioner argues that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and in a January 13, 2005, letter to the Court (Doc. 3), that his sentence was invalidated by the recent Supreme Court case *United States v. Booker*, 125 S. Ct. 738 (U.S. Jan. 12, 2005). However, the Seventh Circuit Court of Appeals has determined that the holdings of *Apprendi* and *Booker* do not apply retroactively to convictions that were final prior to the date the decisions were released. *See Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi*), *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker*). Petitioner's other stated grounds for relief are that the indictment of conviction was flawed, that there was a variance between his indictment and his sentence, that he improperly received an obstruction of justice enhancement under the Sentencing Guidelines, and that he received ineffective assistance of counsel. These claims should have been brought either in his direct appeal or in his collateral attack under Section 2255. Accordingly, Plaintiff cannot obtain the relief he desires through Section 2241.

Therefore, this action is summarily **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED:  05/19/05

<u>s/ G. Patrick Murphy</u>
G. PATRICK MURPHY
Chief United States District Judge